UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MANUEL BARBOSA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 12-231M |
| | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, INC.; | : | |
| PRIME MORTGAGE FINANCIAL, INC.; | : | |
| and CITIMORTGAGE, INC., | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANT CITIMORTGAGE, INC.

Defendant CitiMortgage, Inc. ("CMI" or "Defendant"), responding to the Complaint for Declaratory Judgment and Injunctive Relief (the "Complaint") of Plaintiff Manuel Barbosa ("Plaintiff"), in this action hereby answers and asserts its affirmative defenses as set forth below:

### Parties

1. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1. CMI admits, for purposes of the Complaint, that the alleged property at issue is located at 45 Appleton Avenue, Pawtucket, RI.

2. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. Further, this paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the document.

3. The allegations of this paragraph are not directed at CMI and thus no response is required thereto.

4. Admitted that CMI has a mailing address of 1000 Technology Drive, O'Fallon, MO 63368. The remainder of this paragraph is a legal conclusion to which no response is required.

## Jurisdiction

5. The allegations of this paragraph are legal conclusions to which no response is required.

6. The allegations of this paragraph are legal conclusions to which no response is required.

7. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, CMI denies that Plaintiff is entitled to any relief and otherwise denies the allegations in this paragraph.

    a. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent that a response is required, the allegations of this paragraph are legal conclusions to which no response is required.

    b. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent that a response is required, the allegations of this paragraph are legal conclusions to which no response is required.

    c. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent that a response is required, the allegations of this paragraph are legal conclusions to which no response is required.

AM 32279184.1

    d.       The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent that a response is required, the allegations of this paragraph are legal conclusions to which no response is required.

    e.       The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent that a response is required, the allegations of this paragraph are legal conclusions to which no response is required.

    f.       The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent that a response is required, the allegations of this paragraph are legal conclusions to which no response is required.

## Facts

8. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent that a response is required, this paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the document.

9. This paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the document.

10. This paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the

AM 32279184.1

document. Further, CMI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies.

11. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies.

12. Admitted.

13. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent a response is required, CMI denies.

14. This paragraph references a document, the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged or vary from the terms of the document.

15. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent any further response is required, CMI denies.

16. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent any further response is required, CMI denies.

17. This paragraph references a document, the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged or vary from the terms of the document.

18. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. Further, the allegations of this paragraph are legal conclusions to which no response is required. To the extent any further response is required, CMI denies.

19. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. Further, the allegations of this paragraph are legal conclusions to which no response is required. To the extent any further response is required, CMI denies.

20. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. Further, the allegations of this paragraph are legal conclusions to which no response is required. To the extent any further response is required, CMI denies.

21. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

22. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

23. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

24. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

25. The allegations of this paragraph are legal conclusions to which no response is required. In addition, certain allegations of this paragraph are not directed at CMI and thus no response is required. To the extent a response is required, denied.

26. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. To the extent a response is required, denied.

27. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

28. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

29. This paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the document.

30. This paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the document.

31. This paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the document.

32. This paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the document.

33. The allegations of this paragraph are legal conclusions to which no response is required. In addition, certain allegations of this paragraph are not directed at Defendant, and thus no response is required. To the extent a response is required, denied.

34. The allegations of this paragraph are legal conclusions to which no response is required. In addition, certain allegations of this paragraph are not directed at Defendant, and thus no response is required. To the extent a response is required, denied.

35. The allegations of this paragraph are legal conclusions to which no response is required. In addition, certain allegations of this paragraph are not directed at Defendant, and thus no response is required. To the extent a response is required, denied.

36. The allegations of this paragraph are legal conclusions to which no response is required. In addition, certain allegations of this paragraph are not directed at Defendant, and thus no response is required. To the extent a response is required, denied.

37. The allegations of this paragraph are legal conclusions to which no response is required. In addition, certain allegations of this paragraph are not directed at Defendant, and thus no response is required. To the extent a response is required, denied.

38. The allegations of this paragraph are legal conclusions to which no response is required. In addition, certain allegations of this paragraph are not directed at Defendant, and thus no response is required. To the extent a response is required, denied.

39. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

40. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

41. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

42. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

43. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

44. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

45. The allegations of this paragraph are not directed at CMI and thus no response is required thereto.

46. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

47. This paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the document. Further, CMI states that the allegations of this paragraph are not directed at Defendant or are legal conclusions, and thus no response is required thereto. To the extent a response is required, denied.

48. This paragraph references a document the terms of which speak for themselves. CMI denies the allegations to the extent they are "alleged" or vary from the terms of the document. Further, the allegations of this paragraph also contain legal conclusions to which no response is required. To the extent a response is required, denied.

49. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

50. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

51. Denied.

52. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

53. Denied.

54. Denied.

55. Denied.

56. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

57. The allegations of this paragraph are not directed at CMI and thus no response is required thereto. Further, CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies.

58. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

59. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

60. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

61. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

62. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

63. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

64. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

65. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

66. The allegations of this paragraph are not directed at CMI and also constitute legal conclusions to which no response is required, and thus no response is required thereto. To the extent a response is required, denied.

67. The allegations of this paragraph are not directed at CMI and also constitute legal conclusions to which no response is required, and thus no response is required thereto. To the extent a response is required, denied.

68. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

69. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

70. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

71. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

72. CMI cannot respond to this paragraph because no foreclosure sale has been completed.

73. CMI acts as servicer for the mortgage loan that secures the property. Otherwise, denied.

## COUNT I
### Declaratory Judgment

74. CMI incorporates by reference each of its responses to Paragraphs 1 through 73 of Plaintiff's Complaint.

75. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

76. Denied.

The allegations set forth in the "WHEREFORE" clause of the Complaint following Paragraph 76 are not directed at Defendant, and thus no response is required thereto. To the

extent a response is required, CMI denies that Plaintiff is entitled to any of the relief or damages sought in the Complaint.

### COUNT II
### Quiet Title

77. CMI incorporates by reference each of its responses to Paragraphs 1 through 76 of Plaintiff's Complaint.

78. CMI admits, for purposes of the complaint, that the alleged property at issue is located at 45 Appleton Avenue, Pawtucket, RI.

79. Admitted that CMI has a mailing address as set forth previously. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

80. CMI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

81. Denied as stated.

The allegations set forth in the "WHEREFORE" clause of the Complaint following Paragraph 81 are not directed at Defendant, and thus no response is required thereto. To the extent a response is required, CMI denies that Plaintiff is entitled to any of the relief or damages sought in the Complaint.

### COUNT III – PUNITIVE DAMAGES

82. CMI incorporates by reference each of its responses to Paragraphs 1 through 81 of Plaintiff's Complaint.

83. Denied.

11

84. Denied.

85. Denied.

86. Denied.

The allegations set forth in the "WHEREFORE" clause of the Complaint following Paragraph 86 are not directed at Defendant, and thus no response is required thereto. To the extent a response is required, CMI denies that Plaintiff is entitled to any of the relief or damages sought in the Complaint.

## AFFIRMATIVE DEFENSES

CMI sets forth the following affirmative defenses and reserves the right to raise additional affirmative defenses that may become apparent during the course of discovery:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The asserted claims are barred, in whole or in part, by the doctrines of waiver, estoppel, consent, and ratification.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate, minimize, or avoid any damages sustained in connection with the underlying claims.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule to the extent that Plaintiff seek to "alter, modify or contradict" the terms of the parties' written agreements.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by her breaches of the parties' written agreements.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to perform under the terms of the mortgage document or otherwise breached the terms of the mortgage document.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to provide notice of the alleged injury and breach as required by the mortgage or by law.

### Tenth Affirmative Defense

The obligations of Defendant, if any obligations exist, are defined, limited, and controlled by the mortgage document, including the terms and conditions thereof.

### Eleventh Affirmative Defense

The obligations of Defendant, if any obligations exist, are defined, limited, and controlled by the assignment document, including the terms and conditions thereof.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

AM 32279184.1

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because they lack standing to challenge, for any reason, assignments of the mortgage between parties other than themselves.

### Fourteenth Affirmative Defense

Plaintiff's claim for punitive damages fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because no such damages are available under the circumstances under Rhode Island law.

### Fifteenth Affirmative Defense

Plaintiff's punitive damages claims are barred because Plaintiff cannot show actual or common law malice.

### Sixteenth Affirmative Defense

Plaintiff's punitive damages claims are barred because Plaintiff cannot show outrageous conduct or an evil motive.

### Seventeenth Affirmative Defense

Rhode Island procedures for awarding punitive damages are unconstitutional in that they violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Process Clause of Rhode Island Constitution, R.I. CONST. Art. I § 2.

### Eighteenth Affirmative Defense

Any award of punitive damages is violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the Rhode Island Constitution, R.I. CONST. Art. I § 2 in that it would be excessive, given the purpose of compensatory damages and the amount of the award of punitive damages itself.

AM 32279184.1

CITIMORTGAGE, INC.,
By its attorneys

/s/ Joseph A. Farside, Jr.
Joseph A. Farside, Jr. (#7559)
Krystle Guillory Tadesse (#7944)
EDWARDS WILDMAN PALMER LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
jfarside@edwardswildman.com
ktadesse@edwardswildman.com

Date: April 25, 2014

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 25th day of April, 2014, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

/s/ Joseph A. Farside, Jr.

AM 32279184.1