UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MANUEL BARBOSA,                              :
                                            :
           Plaintiff,                       :
                                            :
     v.                                     :        C.A. No. 12-231M
                                            :
MORTGAGE ELECTRONIC                         :
REGISTRATION SYSTEMS, INC;                  :
PRIME MORTGAGE FINANCIAL, INC.;             :
and CITIMORTGAGE, INC.,                     :
                                            :
           Defendants.                      :

**DECLARATION OF JEANNE PEZOLD IN SUPPORT OF DEFENDANT
CITIMORTGAGE, INC.'S MOTION FOR SUMMARY JUDGMENT**

       I, Jeanne Pezold, hereby state the following under oath:

1.     I am employed as a Business Operations Analyst with CitiMortgage, Inc. ("CMI").  I

make this declaration in support of CMI's *Motion for Summary Judgment* (the "Motion").

I make this declaration voluntarily and based upon my personal knowledge, as more fully

set forth herein.

2.     In the regular performance of my job functions, I am familiar with business

records maintained by CMI for the purpose of servicing mortgage loans.  These records

(which include data compilations, electronically imaged documents, hard copy

documents, and others) are made at or near the time of the occurrence of the recorded

event(s) by, or from information provided by, persons with knowledge of the activity and

transactions reflected in such records, and are kept in the course of business activity

conducted regularly by CMI.  It is the regular practice of CMI's mortgage servicing

business to make these records.  In connection with making this declaration, I have

personally examined these business records.

3.  On or about March 17, 2006, Plaintiff executed a promissory note in the principal amount of $259,921.00 in favor of Prime Mortgage Financial, Inc. ("Prime") to evidence a loan of even amount (the "*Note*"). A copy of that *Note* is attached hereto as <u>Exhibit A-1</u>.

4.  On or about the same date, and as security for repayment of the *Note*, Plaintiff granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Prime and Prime's successors and assigns ("*Mortgage*"), encumbering real property located at 45 Appleton Avenue, Pawtucket, Rhode Island 02860 (the "Property"). A copy of the *Mortgage* as recorded in the Land Evidence Records for the City of Pawtucket (the "Land Records") is attached hereto as <u>Exhibit A-2</u>.

5.  On or about July 13, 2010, MERS assigned the Mortgage to CMI ("*Assignment*"). A copy of the *Assignment*, as recorded in the Land Records on or about July 23, 2010, is attached hereto as <u>Exhibit A-3</u>.

6.  CMI has not challenged, nor does it intend to challenge, the validity of the *Assignment* in any way.

7.  MERS has not challenged the validity of the *Assignment* in any way.

8.  Possession of the *Note* was transferred to Citibank, N.A. ("CBNA") on or about March 24, 2006. CBNA has had possession of the *Note* at all relevant times on behalf of CMI and maintains possession thereof for CMI, the entity that owns the *Note*.

9.  CBNA still has possession of the *Note*, which is endorsed in blank.

10. CMI has serviced the *Mortgage* for itself since 2006.

11. Plaintiff has been in default on his obligations under the *Note* and *Mortgage* since March of 2010, because he has failed to make the required payments thereunder since that time. A copy of Plaintiff's *Consolidated Note Report* (payment history), entries dated 030910

through 040710, showing the absence of regular mortgage payment during the month of March 2010, is attached hereto as Exhibit A-4.

12.     Plaintiff's current total outstanding indebtedness under the *Mortgage* and *Note*, as of June 6, 2014, is approximately $280,787.40.

13.     Of that total outstanding indebtedness of $280,787.40, $22,483.69 represents the approximate amount that CMI has paid towards Plaintiff's property taxes and insurance through June 6, 2014.

14.     Plaintiff has never cured his default and remains in default as of the date of this declaration.

15.     Plaintiff is subject to foreclosure under the *Mortgage.*

16.     As a result of the filing of this lawsuit, foreclosure notices have not yet been sent to the Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 18, 2014

JEANNE PEZOLD

AM 35134397.3

# EXHIBIT A-1

Loan No: 060216004
Borrower: MANUEL BARBOSA

Data ID: 112

FHA Case No.
451-0886509 203B

# NOTE

MIN: 100210000602160040

Borrower's Initials: 

March 17, 2006

45 APPLETON AVENUE
PAWTUCKET, RHODE ISLAND  02860
[Property Address]

**1.   PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means PRIME MORTGAGE FINANCIAL, INC and its successors and assigns.

**2.   BORROWER'S PROMISE TO PAY; INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of **TWO HUNDRED FIFTY-NINE THOUSAND NINE HUNDRED TWENTY-ONE and NO/100** Dollars (U.S. $ **259,921.00** ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **SIX** percent ( **6.000 %** ) per year until the full amount of principal has been paid.

**3.   PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

   (A)  Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **May 1, 2006**. Any principal and interest remaining on the first day of **April, 2036**, will be due on that date, which is called the "Maturity Date".

   (B)  Place

Payment shall be made at 2 PARK CENTRAL DRIVE, SOUTHBOROUGH, MASSACHUSETTS 01772, or at such place as Lender may designate in writing by notice to Borrower.

   (C)  Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ **1,558.36**. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

   (D)  Allonge to This Note for Payment Adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

☐  Graduated Payment Allonge        ☐  Growing Equity Allonge        ☐  Other [Specify]

**5.   BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.   BORROWER'S FAILURE TO PAY**

   (A)  Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of FIFTEEN calendar days after the payment is due, Lender may collect a late charge in the amount of **4.00 %** of the overdue amount of each payment.

   (B)  Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

   (C)  Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**MULTISTATE FHA NOTE**                    (Page 1 of 2 Pages)        10/95

Loan No: 060216004                                                  Data ID: 112

**7.   WAIVERS**
Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.   GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.
Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
MANUEL BARBOSA —Borrower

                                                    [Sign Original Only]
                                                    CITIMORTGAGE, INC.

PAY TO THE ORDER OF

WITHOUT RECOURSE

PRIME MORTGAGE FINANCIAL, INC

By: _____
         ANDREW A. BROWN, CONTROLLER

WITNESS

                              PAY TO THE ORDER OF
                              _____
                              WITHOUT RECOURSE TO
                              CitiMortgage, Inc.
                              BY: _____
                              WILLIAM S. FELTS, Vice President
                              CitiMortgage, Inc.

                                                    (Page 2 of 2 Pages)

# EXHIBIT A-2

Borrower: MANUEL BARBOSA

Data ID: 112

Bk L2604 Pg276 #64
03-20-2006 a 11:35a

Return to:    PRIME MORTGAGE FINANCIAL, INC
ATTENTION: FINAL DOCUMENTS
2 PARK CENTRAL DR
SOUTHBOROUGH, MA 01772

[Space Above This Line For Recording Data]

FHA Case No.
451-0886509  203B

# MORTGAGE

MIN: 100210000602160040

THIS MORTGAGE ("Security Instrument") is given on the 17th day of March, 2006.
The mortgagor is MANUEL BARBOSA
whose address is 45 APPLETON AVENUE, PAWTUCKET, RHODE ISLAND  02860
                                                                                      ("Borrower").
This Security Instrument is given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.  PRIME MORTGAGE FINANCIAL, INC ("Lender") is organized and existing under the laws of the COMMONWEALTH OF MASSACHUSETTS, and has an address of 2 PARK CENTRAL DRIVE
SOUTHBOROUGH, MA 01772.
Borrower owes Lender the principal sum of TWO HUNDRED FIFTY-NINE THOUSAND NINE HUNDRED TWENTY-ONE and NO/100----Dollars (U.S. $ 259,921.00).  This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on April 1, 2036.  This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the City of PAWTUCKET, PROVIDENCE County, Rhode Island:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

2604
276

which has the address of 45 APPLETON AVENUE,
                                                                [Street]
Rhode Island    02860                                                    PAWTUCKET,
                    [Zip Code]                                                  [City]
                                                            ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."  Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.
RHODE ISLAND FHA MORTGAGE                                         1/02

(Page 1 of 6 Pages)

CITY OF PAWTUCKET

BK 2604 PG277 #64

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

<u>First</u>, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

<u>Second</u>, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

<u>Third</u>, to interest due under the Note;

<u>Fourth</u>, to amortization of the principal of the Note; and

<u>Fifth</u>, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

Loan No. 000210004

Bk L2604 Pg278

Data ID: 112
$64

7.   **Charges to Borrower and Protection of Lender's Rights in the Property.**  Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8.   **Fees.** Lender may collect fees and charges authorized by the Secretary.

9.   **Grounds for Acceleration of Debt.**

(a) **Default.**  Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)   Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)   Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.**  Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)   All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)   The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.**  If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.**  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.**  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 90 days from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 90 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10.   **Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11.   **Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12.   **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

Bk L2604 Pg279   #64

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in paragraph 13. Lender shall publish a notice of sale, and the Property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. No Outstanding Automatic Orders in Domestic Relations Cases.** Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

**21. Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

Bk L2604 Pg280

**22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider  ☐ Growing Equity Rider
☐ Planned Unit Development Rider  ☐ Graduated Payment Rider
☐ Other [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____(Seal)
MANUEL BARBOSA —Borrower

[Space Below This Line For Acknowledgment]

State of RHODE ISLAND
County of Providence
ss.

In East Providence, on the 17 day of March, 20 06, before me,
MANUEL BARBOSA a notary public, personally appeared the above-named

personally known to me, and known to me to be the party executing the foregoing instrument, and acknowledged the said instrument, by him executed, to be his free and voluntary act and deed.

(Seal)

_____
Notary Public

My commission expires:_____

_____
(Printed Name)

OFFICIAL SEAL
MATTHEW O. SLEPKOW
NOTARY PUBLIC – RHODE ISLAND
My Comm. Expires Nov. 28, 2009

1/02      (Page 5 of 5 Pages)

Bk L2604 Pg281 #64

## EXHIBIT "A"

That certain lot or parcel of land with all the buildings and improvements thereon, situated in the City of Pawtucket, County of Providence, State of Rhode Island, bounded and described as follows, viz:

Beginning at a stone bound int he southerly line of Appleton Avenue and running southerly one hundred eight and 92/100 (108.92) feet to a stone bound for a corner; thence turning an interior angle with the last mentioned line of 91° 38' and running westerly sixty-one and 4/100 (61.04) feet to a stone bound for a corner; thence turning an interior angle with the last mentioned line of 84° 18' and running northerly one hundred ten and 96/100 (110.96) feet to a stone bound in the said southerly line of Appleton Avenue fifty-three and 12/100 (53.12) feet to the point or place of beginning.

45 APPLETON AVENUE

PAWTUCKET, RHODE ISLAND 02860

ASSESSOR'S PLAT:   6
ASSESSOR'S LOT:   527

# EXHIBIT A-3

Harmon Law Office, P.C.
150 California St.
Newton, MA 02158

BK L3278 P=163  #46
07-23-2010 à 10.47a

## ASSIGNMENT OF MORTGAGE

Mortgage Electronic Registration Systems, Inc.  holder of a mortgage, whose address is c/o CitiMortgage, Inc., 1000 Technology Dr., O'Fallon, MO 63368

From: MANUEL BARBOSA

To: Mortgage Electronic Registration Systems, Inc., as nominee for PRIME MORTGAGE FINANCIAL, INC.

*Pawtucket Land Evidence Records*

dated MARCH 17, 2006 recorded with the ~~████████~~ at BK:L2604 PG:276

assigns said mortgage ~~██████████████~~ to CitiMortgage, Inc., whose address is 1000 Technology Dr., O'Fallon, MO 63368

without recourse

*32781*
*163*

IN WITNESS WHEREOF, the said Mortgage Electronic Registration Systems, Inc. has caused its corporate seal to be hereto affixed and these presents to be signed, in its name and behalf by Kim Krakoviak this _____ JUL 1 3 2010 _____.

Mortgage Electronic Registration Systems, Inc.

By: _____
Kim Krakoviak, Assistant Secretary

State of Missouri, ss

On this _____ JUL 1 3 2010 _____, before me, the undersigned notary public, personally appeared Kim Krakoviak, who proved to me through satisfactory evidence of identification, which was personally known, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

_____          (Affix Seal)
Notary Signature

My commission expires: _____

GINA WEINAND
Notary Public-Notary Seal
State of Missouri, St Charles County
Commission # 07434724
My Commission Expires Dec 6, 2011

Property Address: 45 APPLETON AVENUE PAWTUCKET, RI 02860

CITY OF PAWTUCKET

# EXHIBIT A-4

```
DLSO0142     DLSM142     CONSOLIDATED NOTE REPORT              06/06/14   07:43

LOAN #: 2003443143     CUSTOMER: MANUEL BARBOSA                    TYP: 002
DEPT ID: ALL (ALL/SEL/ACRONYM)  BAL: Y  TYPE: F (F=FIN,D-DATAMSGS,B-BOTH,E=ESC)
START DATE: 06/06/14   STOP DATE: 00/00/00   PRINT: Y (Y/N)  PRINTER: U20303
INV: 00543/00000     BLK: 044/000          UNAP:      0.00  CD:
PDTO: 05/01/10 PBAL:    258303.71 EBAL:    -22483.69 WARN: 0 LOCK: 0 STOP: 00
I-YTD:      0.00

DATE    TRAN  PDTO     TRAN AMT       PRIN       INT        ESC     L/C   OT-AMT
060614  E70   0501     -92.69 PAYEE = HUD                 -92.69    .00     .00
              BAL AFTER     258303.71              -22483.69
060514  FEI   0501     -13.50 246-BIE-BATCH INSP 3PTY    INBK-INSPECTION-BANKRU
  98          BAL AFTER     258303.71              -22391.00
060114  FEA   0501     -81.41 610-INTEREST ON ESCR ADV
 129          BAL AFTER     258303.71              -22391.00
050814  E70   0501     -92.69 PAYEE = HUD                 -92.69    .00     .00
              BAL AFTER     258303.71              -22391.00
050514  FEI   0501     -13.50 246-BIE-BATCH INSP 3PTY    INBK-INSPECTION-BANKRU
  98          BAL AFTER     258303.71              -22298.31
050114  FEA   0501     -78.78 610-INTEREST ON ESCR ADV
 129          BAL AFTER     258303.71              -22298.31
040814  E70   0501     -94.74 PAYEE = HUD                 -94.74    .00     .00
              BAL AFTER     258303.71              -22298.31
040414  FEI   0501     -13.50  46-BIE-BATCH INSP EXP     INBK-INSPECTION-BANKRU
  98          BAL AFTER     258303.71              -22203.57
040114  FEA   0501     -81.41 610-INTEREST ON ESCR ADV
 129          BAL AFTER     258303.71              -22203.57
032114  E91   0501    -779.42 PAYEE = PAWTUCKET          -779.42  CHK# 00122166908
  91          BAL AFTER     258303.71              -22203.57
030614  E70   0501     -94.74 PAYEE = HUD                 -94.74    .00     .00
              BAL AFTER     258303.71              -21424.15
030514  FEI   0501     -13.50  46-BIE-BATCH INSP EXP     INBK-INSPECTION-BANKRU
  98          BAL AFTER     258303.71              -21329.41
030114  FEA   0501     -73.53 610-INTEREST ON ESCR ADV
 129          BAL AFTER     258303.71              -21329.41
022614  E20   0501   -1914.00 PAYEE = PROVIDENCE        -1914.00    .00     .00
              BAL AFTER     258303.71              -21329.41
020714  FEI   0501     -13.50  46-BIE-BATCH INSP EXP     INBK-INSPECTION-BANKRU
  98          BAL AFTER     258303.71              -19415.41
020714  E70   0501     -94.74 PAYEE = HUD                 -94.74    .00     .00
              BAL AFTER     258303.71              -19415.41
020114  FEA   0501     -81.41 610-INTEREST ON ESCR ADV
 129          BAL AFTER     258303.71              -19320.67
010814  E70   0501     -94.74 PAYEE = HUD                 -94.74    .00     .00
              BAL AFTER     258303.71              -19320.67
010714  FEI   0501     -13.50  46-BIE-BATCH INSP EXP     INBK-INSPECTION-BANKRU
  98          BAL AFTER     258303.71              -19225.93
010114  FEA   0501      -5.25 610-INTEREST ON ESCR ADV
 129          BAL AFTER     258303.71              -19225.93
123113  YTD   0501       .00       .00      .00    3117.71    .00     .00
              BAL AFTER     258303.71              -19225.93          00.00
122013  E91   0501    -779.43 PAYEE = PAWTUCKET          -779.43  CHK# 00122151831
  91          BAL AFTER     258303.71              -19225.93
120113  FEI   0501     -13.50  46-BIE-BATCH INSP EXP     INBK-INSPECTION-BANKRU
  98          BAL AFTER     258303.71              -18446.50
120613  E70   0501     -94.74 PAYEE = HUD                 -94.74    .00     .00
              BAL AFTER     258303.71              -18446.50
110713  FEI   0501     -13.50  46-BIE-BATCH INSP EXP     INBK-INSPECTION-BANKRU
  98          BAL AFTER     258303.71              -18351.76
```

```
110613 E70   0501        -94.74 PAYEE = HUD              -94.74        .00        .00
                    BAL AFTER      258303.71          -18351.76
100913 FEI   0501        -13.50 46-BIE-BATCH INSP EXP      INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71          -18257.02
100913 E70   0501        -94.74 PAYEE = HUD              -94.74        .00        .00
                    BAL AFTER      258303.71          -18257.02
100113 FEA   0501        -52.47 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71          -18162.28
091713 E91   0501       -779.43 PAYEE = PAWTUCKET       -779.43   CHK# 00122126497
    91              BAL AFTER      258303.71          -18162.28
090613 FEI   0501        -13.50 46-BIE-BATCH INSP EXP      INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71          -17382.85
090513 E70   0501        -94.74 PAYEE = HUD              -94.74        .00        .00
                    BAL AFTER      258303.71          -17382.85
090113 FEA   0501        -54.22 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71          -17288.11
080813 FEI   0501        -13.50 246-BIE-BATCH INSP 3PTY     INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71          -17288.11
080813 E70   0501        -94.74 PAYEE = HUD              -94.74        .00        .00
                    BAL AFTER      258303.71          -17288.11
080113 FEA   0501        -54.22 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71          -17193.37
070913 FEI   0501        -13.50 246-BIE-BATCH INSP 3PTY     INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71          -17193.37
070913 E70   0501        -94.74 PAYEE = HUD              -94.74        .00        .00
                    BAL AFTER      258303.71          -17193.37
070113 FEA   0501        -52.47 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71          -17098.63
062813 E91   0501       -779.43 PAYEE = PAWTUCKET       -779.43   CHK# 00122106974
    91              BAL AFTER      258303.71          -17098.63
061913 FEI   0501        -13.50 246-BIE-BATCH INSP 3PTY     INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71          -16319.20
060613 E70   0501        -94.74 PAYEE = HUD              -94.74        .00        .00
                    BAL AFTER      258303.71          -16319.20
060113 FEA   0501        -54.22 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71          -16224.46
050813 E70   0501        -94.74 PAYEE = HUD              -94.74        .00        .00
                    BAL AFTER      258303.71          -16224.46
050713 FEI   0501        -13.50 46-BIE-BATCH INSP EXP      INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71          -16129.72
050113 FEA   0501        -52.47 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71          -16129.72
040813 FEI   0501        -13.50 46-BIE-BATCH INSP EXP      INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71          -16129.72
040513 E70   0501        -96.67 PAYEE = HUD              -96.67        .00        .00
                    BAL AFTER      258303.71          -16129.72
040113 FEA   0501        -54.22 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71          -16033.05
032213 E91   0501       -779.42 PAYEE = PAWTUCKET       -779.42   CHK# 00122085911
    91              BAL AFTER      258303.71          -16033.05
030613 FEI   0501        -13.50 46-BIE-BATCH INSP EXP      INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71          -15253.63
030613 E70   0501        -96.67 PAYEE = HUD              -96.67        .00        .00
                    BAL AFTER      258303.71          -15253.63
030113 FEA   0501        -48.97 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71          -15156.96
022013 E20   0501      -1832.00 PAYEE = PROVIDENCE     -1832.00        .00        .00
                    BAL AFTER      258303.71          -15156.96
020613 E70   0501        -96.67 PAYEE = HUD              -96.67        .00        .00
                    BAL AFTER      258303.71          -13324.96
```

```
020413 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -13228.29
020113 FEA   0501      -54.22  610-INTEREST ON ESCR ADV
   129                 BAL AFTER      258303.71          -13228.29
010813 E70   0501      -96.67  PAYEE = HUD                    -96.67        .00        .00
                       BAL AFTER      258303.71          -13228.29
010213 FEA   0501      -17.49  610-INTEREST ON ESCR ADV
   129                 BAL AFTER      258303.71          -13131.62
123112 YTD   0501        .00            .00        .00     3087.71        .00        .00
                       BAL AFTER      258303.71          -13131.62                 00.00
123112 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -13131.62
122112 E91   0501     -779.43  PAYEE = PAWTUCKET             -779.43  CHK# 00122068521
    91                 BAL AFTER      258303.71          -13131.62
120712 E70   0501      -96.67  PAYEE = HUD                    -96.67        .00        .00
                       BAL AFTER      258303.71          -12352.19
113012 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -12255.52
110812 E70   0501      -96.67  PAYEE = HUD                    -96.67        .00        .00
                       BAL AFTER      258303.71          -12255.52
102912 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -12158.85
100612 E70   0501      -96.67  PAYEE = HUD                    -96.67        .00        .00
                       BAL AFTER      258303.71          -12158.85
100312 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -12062.18
093012 FEA   0501      -28.14  610-INTEREST ON ESCR ADV
   129                 BAL AFTER      258303.71          -12062.18
092112 E91   0501     -779.43  PAYEE = PAWTUCKET             -779.43  CHK# 00122041285
    91                 BAL AFTER      258303.71          -12062.18
091012 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -11282.75
090712 E70   0501      -96.67  PAYEE = HUD                    -96.67        .00        .00
                       BAL AFTER      258303.71          -11282.75
090112 FEA   0501      -29.08  610-INTEREST ON ESCR ADV
   129                 BAL AFTER      258303.71          -11186.08
081312 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -11186.08
080812 E70   0501      -96.67  PAYEE = HUD                    -96.67        .00        .00
                       BAL AFTER      258303.71          -11186.08
080112 FEA   0501      -29.08  610-INTEREST ON ESCR ADV
   129                 BAL AFTER      258303.71          -11089.41
071012 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -11089.41
070612 E70   0501      -96.67  PAYEE = HUD                    -96.67        .00        .00
                       BAL AFTER      258303.71          -11089.41
070112 FEA   0501      -28.14  610-INTEREST ON ESCR ADV
   129                 BAL AFTER      258303.71          -10992.74
062912 E91   0501     -779.43  PAYEE = PAWTUCKET             -779.43  CHK# 00122017796
    91                 BAL AFTER      258303.71          -10992.74
060612 E70   0501      -96.67  PAYEE = HUD                    -96.67        .00        .00
                       BAL AFTER      258303.71          -10213.31
060112 FEA   0501      -29.08  610-INTEREST ON ESCR ADV
   129                 BAL AFTER      258303.71          -10116.64
052912 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -10116.64
050912 E70   0501      -96.67  PAYEE = HUD                    -96.67        .00        .00
                       BAL AFTER      258303.71          -10116.64
050712 FEI   0501      -13.50  46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
    98                 BAL AFTER      258303.71          -10019.97
```

```
050112 FEA   0501      -28.14 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71           -10019.97
040612 E70   0501      -98.49 PAYEE = HUD               -98.49      .00      .00
                   BAL AFTER      258303.71           -10019.97
040312 FEI   0501      -13.50  46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71            -9921.48
040112 FEA   0501      -29.08 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71            -9921.48
031612 E91   0501     -749.42 PAYEE = PAWTUCKET         -749.42  CHK# 00121988740
    91              BAL AFTER      258303.71            -9921.48
030812 E70   0501      -98.49 PAYEE = HUD               -98.49      .00      .00
                   BAL AFTER      258303.71            -9172.06
030712 FEI   0501      -13.50  46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71            -9073.57
030112 FEA   0501      -27.21 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71            -9073.57
022212 E20   0501    -1408.00 PAYEE = PROVIDENCE       -1408.00      .00      .00
                   BAL AFTER      258303.71            -9073.57
020912 E70   0501      -98.49 PAYEE = HUD               -98.49      .00      .00
                   BAL AFTER      258303.71            -7665.57
020112 FEA   0501      -29.08 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71            -7567.08
012612 FEI   0501      -13.50  46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71            -7567.08
010712 E70   0501      -98.49 PAYEE = HUD               -98.49      .00      .00
                   BAL AFTER      258303.71            -7567.08
010112 FEA   0501      -13.13 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71            -7468.59
123111 YTD   0501        .00          .00     230.36   2997.71      .00      .00
                   BAL AFTER      258303.71            -7468.59            00.00
122611 FEI   0501      -13.50  46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71            -7468.59
122211 E91   0501     -749.43 PAYEE = PAWTUCKET         -749.43  CHK# 00121967633
    91              BAL AFTER      258303.71            -7468.59
120811 E70   0501      -98.49 PAYEE = HUD               -98.49      .00      .00
                   BAL AFTER      258303.71            -6719.16
120211 FEI   0501      -13.50  46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71            -6620.67
110811 E70   0501      -98.49 PAYEE = HUD               -98.49      .00      .00
                   BAL AFTER      258303.71            -6620.67
110211 FEI   0501      -13.50  46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71            -6522.18
100611 E70   0501      -98.49 PAYEE = HUD               -98.49      .00      .00
                   BAL AFTER      258303.71            -6522.18
100111 FEA   0501       -6.46 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71            -6423.69
092611 FEI   0501      -13.50  46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71            -6423.69
092011 E91   0501     -749.43 PAYEE = PAWTUCKET         -749.43  CHK# 00121935217
    91              BAL AFTER      258303.71            -6423.69
091411 DEB   0000      125.00 410038302 NATIONAL D D6806741A  110914
                   52-FORECLOSURE COSTS        MTIT-MOD TITLE CHARGE
                   BAL AFTER      258303.71            -5674.26            00.00
090811 E70   0501      -98.49 PAYEE = HUD               -98.49      .00      .00
                   BAL AFTER      258303.71            -5674.26
090611 FEI   0501      -13.50  46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
    98              BAL AFTER      258303.71            -5575.77
090111 FEA   0501       -6.68 610-INTEREST ON ESCR ADV
   129              BAL AFTER      258303.71            -5575.77
080911 E70   0501      -98.49 PAYEE = HUD               -98.49      .00      .00
```

```
                        BAL AFTER     258303.71              -5575.77
080111 FEA    0501          -6.68 610-INTEREST ON ESCR ADV
  129                   BAL AFTER     258303.71              -5477.28
072611 FEI    0501         -13.50 46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
   98                   BAL AFTER     258303.71              -5477.28
070711 E70    0501         -98.49 PAYEE = HUD                  -98.49         .00         .00
                        BAL AFTER     258303.71              -5477.28
070111 FEA    0501          -6.46 610-INTEREST ON ESCR ADV
  129                   BAL AFTER     258303.71              -5378.79
063011 FER    0501       -1217.80 44-REINSTMNT TO EXPENSE
14060                   BAL AFTER     258303.71              -5378.79
063011 FEP    0501         153.30 52-FORECLOSURE COSTS
14060                   BAL AFTER     258303.71              -5378.79
063011 FEP    0501         202.50 46-BIE-BATCH INSP EXP
14060                   BAL AFTER     258303.71              -5378.79
063011 FEP    0501         712.00 39-FRCLSR ATTY FEE
14060                   BAL AFTER     258303.71              -5378.79
063011 FEP    0501         150.00 13-BANKRUPTCY ATTY FEE
14060                   BAL AFTER     258303.71              -5378.79
063011 FEP    0501        1217.80 44-REINSTMNT TO EXPENSE
14060                   BAL AFTER     258303.71              -5378.79
063011 SR     0501         230.36          .00         .00          .00      230.36         .00
14060                   BAL AFTER     258303.71              -5378.79
063011 UI                                            .00          .00      230.36         .00
14060 LC DT 0629 BAL AFTER            258303.71              -5378.79
063011 SR     0501       -1448.16          .00         .00          .00         .00         .00
    UNAPPL   -1448.16
14060                   BAL AFTER     258303.71              -5378.79
062411 FEI    0501         -13.50 46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
   98                   BAL AFTER     258303.71              -5378.79    UNAP   1448.16
062411 E91    0501        -749.43 PAYEE = PAWTUCKET           -749.43   CHK# 00121903689
   91                   BAL AFTER     258303.71              -5378.79    UNAP   1448.16
060911 E70    0501         -98.49 PAYEE = HUD                  -98.49         .00         .00
                        BAL AFTER     258303.71              -4629.36    UNAP   1448.16
060111 FEA    0501          -6.68 610-INTEREST ON ESCR ADV
  129                   BAL AFTER     258303.71              -4530.87    UNAP   1448.16
052611 FEI    0501         -13.50 46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
   98                   BAL AFTER     258303.71              -4530.87    UNAP   1448.16
050611 E70    0501         -98.49 PAYEE = HUD                  -98.49         .00         .00
                        BAL AFTER     258303.71              -4530.87    UNAP   1448.16
050111 FEA    0501          -6.46 610-INTEREST ON ESCR ADV
  129                   BAL AFTER     258303.71              -4432.38    UNAP   1448.16
042611 FEI    0501         -13.50 46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
   98                   BAL AFTER     258303.71              -4432.38    UNAP   1448.16
040611 E70    0501        -100.20 PAYEE = HUD                 -100.20         .00         .00
                        BAL AFTER     258303.71              -4432.38    UNAP   1448.16
040111 FEA    0501          -6.68 610-INTEREST ON ESCR ADV
  129                   BAL AFTER     258303.71              -4332.18    UNAP   1448.16
032811 DEB    0000         150.00 400019059 HARMON LAW 533219      110328
                        13-BANKRUPTCY ATTY FEE      BATT-BK ATTORNEY FEES
                        BAL AFTER     258303.71              -4332.18    UNAP   1448.16
032811 FEI    0501         -13.50 46-BIE-BATCH INSP EXP       INBK-INSPECTION-BANKRU
   98                   BAL AFTER     258303.71              -4332.18    UNAP   1448.16
031111 E91    0501        -749.42 PAYEE = PAWTUCKET           -749.42   CHK# 00121868450
   91                   BAL AFTER     258303.71              -4332.18    UNAP   1448.16
030811 E70    0501        -100.20 PAYEE = HUD                 -100.20         .00         .00
                        BAL AFTER     258303.71              -3582.76    UNAP   1448.16
030111 FEA    0501          -6.03 610-INTEREST ON ESCR ADV
  129                   BAL AFTER     258303.71              -3482.56    UNAP   1448.16
022311 E20    0501        -835.00 PAYEE = PROVIDENCE          -835.00         .00         .00
```

```
                      BAL AFTER      258303.71           -3482.56    UNAP   1448.16
022111 FEI  0501       -13.50 46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
 98                   BAL AFTER      258303.71           -2647.56    UNAP   1448.16
020911 E70  0501      -100.20 PAYEE = HUD                 -100.20      .00      .00
                      BAL AFTER      258303.71           -2647.56    UNAP   1448.16
020111 FEA  0501        -6.68 610-INTEREST ON ESCR ADV
 129                  BAL AFTER      258303.71           -2547.36    UNAP   1448.16
012411 FEI  0501       -13.50 46-BIE-BATCH INSP EXP        INBK-INSPECTION-BANKRU
 98                   BAL AFTER      258303.71           -2547.36    UNAP   1448.16
010711 E70  0501      -100.20 PAYEE = HUD                 -100.20      .00      .00
                      BAL AFTER      258303.71           -2547.36    UNAP   1448.16
010211 FEA  0501        -2.15 610-INTEREST ON ESCR ADV
 129                  BAL AFTER      258303.71           -2447.16    UNAP   1448.16
123110 YTD  0501         .00          .00    5670.59     2997.72      .00      .00
                      BAL AFTER      258303.71           -2447.16    UNAP   1448.16
123010 FEI  0501       -13.50 46-BIE-BATCH INSP EXP        INVO-INSPECTION-VERIFY
 98                   BAL AFTER      258303.71           -2447.16    UNAP   1448.16
122910 SR   0501      148.16          .00      .00          .00      .00      .00
   UNAPPL       148.16
10932                 BAL AFTER      258303.71           -2447.16    UNAP   1448.16
122910 SR   0501     -148.16          .00      .00          .00      .00      .00
   UNAPPL      -148.16
10932                 BAL AFTER      258303.71           -2447.16    UNAP   1300.00
121610 E91  0501     -749.43 PAYEE = PAWTUCKET            -749.43 CHK# 00121840198
 91                   BAL AFTER      258303.71           -2447.16    UNAP   1448.16
120910 E70  0501      -100.20 PAYEE = HUD                 -100.20      .00      .00
                      BAL AFTER      258303.71           -1697.73    UNAP   1448.16
120810 PA   0501     1875.92       308.45    1131.43      436.04      .00      .00
 5268                 BAL AFTER      258303.71           -1597.53    UNAP   1448.16
120810 UI                                       .00          .00   -57.59      .00
 5268                 BAL AFTER      258612.16           -2033.57    UNAP   1448.16
120810 PA   0401     1875.92       307.11    1132.77      436.04      .00      .00
 5268                 BAL AFTER      258612.16           -2033.57    UNAP   1448.16
120810 UI                                       .00          .00   -57.59      .00
 5268                 BAL AFTER      258919.27           -2469.61    UNAP   1448.16
120810 SR   0301    -3751.84          .00      .00          .00      .00      .00
   UNAPPL     -3751.84
 5268                 BAL AFTER      258919.27           -2469.61    UNAP   1448.16
112410 FEI  0301       -13.50 46-BIE-BATCH INSP EXP        INVO-INSPECTION-VERIFY
 98                   BAL AFTER      258919.27           -2469.61    UNAP   5200.00
112310 SR   0301     1300.00          .00      .00          .00      .00      .00
   UNAPPL      1300.00
17796                 BAL AFTER      258919.27           -2469.61    UNAP   5200.00
110910 E70  0301      -100.20 PAYEE = HUD                 -100.20      .00      .00
                      BAL AFTER      258919.27           -2469.61    UNAP   3900.00
102010 FEI  0301       -13.50 46-BIE-BATCH INSP EXP        INVO-INSPECTION-VERIFY
 98                   BAL AFTER      258919.27           -2369.41    UNAP   3900.00
102010 SR   0301     1300.00          .00      .00          .00      .00      .00
   UNAPPL      1300.00
17796                 BAL AFTER      258919.27           -2369.41    UNAP   3900.00
100710 E70  0301      -100.20 PAYEE = HUD                 -100.20      .00      .00
                      BAL AFTER      258919.27           -2369.41    UNAP   2600.00
092710 DEB  0000      450.00 400019059 HARMON LAW 482759      100927
                      52-FORECLOSURE COSTS      TITL-TITLE SEARCH EXPENSE
                      BAL AFTER      258919.27           -2269.21    UNAP   2600.00
092710 DEB  0000       75.00 400019059 HARMON LAW 482759      100927
                      52-FORECLOSURE COSTS      TAXS-TAX SEARCH
                      BAL AFTER      258919.27           -2269.21    UNAP   2600.00
092710 DEB  0000      124.00 400019059 HARMON LAW 482759      100927
                      52-FORECLOSURE COSTS      RECF-RECORDING FEES
```

```
                    BAL AFTER      258919.27              -2269.21    UNAP    2600.00
092710 DEB   0000     301.86 400019059 HARMON LAW 482759      100927
             52-FORECLOSURE COSTS      PUBL-PUBLICATION FEES
                    BAL AFTER      258919.27              -2269.21    UNAP    2600.00
092710 DEB   0000      16.62 400019059 HARMON LAW 482759      100927
             52-FORECLOSURE COSTS      MAIL-CERTIFIED MAIL
                    BAL AFTER      258919.27              -2269.21    UNAP    2600.00
092710 DEB   0000     712.00 400019059 HARMON LAW 482759      100927
             39-FRCLSR ATTY FEE          FATT-FORECLOSURE ATTY FEE
                    BAL AFTER      258919.27              -2269.21    UNAP    2600.00
092710 DEB   0000     358.11 400019059 HARMON LAW 482759      100927
             52-FORECLOSURE COSTS      AUCT-AUCTIONEER COSTS
                    BAL AFTER      258919.27              -2269.21    UNAP    2600.00
092110 FEI   0301     -13.50  46-BIE-BATCH INSP EXP       INVO-INSPECTION-VERIFY
  98                BAL AFTER      258919.27              -2269.21    UNAP    2600.00
091710 E91   0301    -749.43 PAYEE = PAWTUCKET            -749.43  CHK# 00121804624
  91                BAL AFTER      258919.27              -2269.21    UNAP    2600.00
091610 SR    0301    1300.00        .00        .00           .00     .00      .00
    UNAPPL      1300.00
35364               BAL AFTER      258919.27              -1519.78    UNAP    2600.00
090910 E70   0301    -100.20 PAYEE = HUD                  -100.20    .00      .00
                    BAL AFTER      258919.27              -1519.78    UNAP    1300.00
081910 FEI   0301     -13.50  46-BIE-BATCH INSP EXP       INVO-INSPECTION-VERIFY
  98                BAL AFTER      258919.27              -1419.58    UNAP    1300.00
081310 SR    0301    1300.00        .00        .00           .00     .00      .00
    UNAPPL      1300.00
35523               BAL AFTER      258919.27              -1419.58    UNAP    1300.00
080610 E70   0301    -100.20 PAYEE = HUD                  -100.20    .00      .00
                    BAL AFTER      258919.27              -1419.58
072010 FEI   0301     -13.50  46-BIE-BATCH INSP EXP       INVO-INSPECTION-VERIFY
  98                BAL AFTER      258919.27              -1319.38
070710 E70   0301    -100.20 PAYEE = HUD                  -100.20    .00      .00
                    BAL AFTER      258919.27              -1319.38
062910 E91   0301    -749.43 PAYEE = PAWTUCKET            -749.43  CHK# 00121770847
  91                BAL AFTER      258919.27              -1219.18
062210 FEI   0301     -13.50  46-BIE-BATCH INSP EXP       INVO-INSPECTION-VERIFY
  98                BAL AFTER      258919.27               -469.75
060910 E70   0301    -100.20 PAYEE = HUD                  -100.20    .00      .00
                    BAL AFTER      258919.27               -469.75
060110 RP    0301    1875.92     305.77    1134.11         436.04    .00      .00
   500 LC DT 0528 BAL AFTER      258919.27               -369.55
060110 UI                                     .00           .00  -57.59      .00
   500 LC DT 0528 BAL AFTER      259225.04               -805.59
051810 FEI   0201     -13.50  46-BIE-BATCH INSP EXP       INNC-INSPECTION NO CON
  98                BAL AFTER      259225.04               -805.59
050710 E70   0201    -100.20 PAYEE = HUD                  -100.20    .00      .00
                    BAL AFTER      259225.04               -805.59
042110 FEI   0201     -13.50  46-BIE-BATCH INSP EXP       INNC-INSPECTION NO CON
  98                BAL AFTER      259225.04               -705.39
040910 E20   0201    -810.00 PAYEE = PROVIDENCE           -810.00    .00      .00
                    BAL AFTER      259225.04               -705.39
040710 E70   0201    -101.81 PAYEE = HUD                  -101.81    .00      .00
                    BAL AFTER      259225.04                104.61
031910 E91   0201    -749.43 PAYEE = PAWTUCKET            -749.43  CHK# 00121734914
  91                BAL AFTER      259225.04                206.42
030910 E70   0201    -101.81 PAYEE = HUD                  -101.81    .00      .00
                    BAL AFTER      259225.04                955.85
022310 E20   0201   -1039.00 PAYEE = HARLEYSVIL          -1039.00    .00      .00
                    BAL AFTER      259225.04               1057.66
021710 FEP   0201      15.00 718-SPEEDPAY FEE
```

```
 301             BAL AFTER      259225.04              2096.66
021710 FEA  0201      -15.00 718-SPEEDPAY FEE
 301             BAL AFTER      259225.04              2096.66
021710 RP   0201    1875.92      304.44   1135.44    436.04        .00       .00
 301             BAL AFTER      259225.04              2096.66
021710 UI   0201                           .00          .00     -57.59       .00
 301             BAL AFTER      259529.48              1660.62
020610 E70  0101     -101.81 PAYEE = HUD             -101.81        .00       .00
                 BAL AFTER      259529.48              1660.62
011810 SR   0101        .00       17.00       .00         .00        .00       .00
   UNAPPL       -17.00
 201             BAL AFTER      259529.48              1762.43
011810 FEP  0101       15.00 718-SPEEDPAY FEE
 301             BAL AFTER      259546.48              1762.43     UNAP    17.00
011810 FEA  0101      -15.00 718-SPEEDPAY FEE
 301             BAL AFTER      259546.48              1762.43     UNAP    17.00
011810 RP   0101    1875.92      303.04   1136.84    436.04        .00       .00
 301 LC DT  0116 BAL AFTER      259546.48              1762.43     UNAP    17.00
011310 SR   1201       17.00        .00       .00
   UNAPPL        17.00
1538             BAL AFTER      259849.52              1326.39     UNAP    17.00
011310 FER  1201      -17.00 44-REINSTMNT TO EXPENSE    MISC-MISCELLANEOUS
1538             BAL AFTER      259849.52              1326.39
010710 E70  1201     -101.81 PAYEE = HUD             -101.81        .00       .00
                 BAL AFTER      259849.52              1326.39
123109 YTD  1201        .00             7490.00      3031.65        .00       .00
                 BAL AFTER      259849.52              1428.20                00.00
121609 FEP  1201       15.00 718-SPEEDPAY FEE
 301             BAL AFTER      259849.52              1428.20
121609 FEA  1201      -15.00 718-SPEEDPAY FEE
 301             BAL AFTER      259849.52              1428.20
121609 RP   1201    1875.92      301.72   1138.16    436.04        .00       .00
 301             BAL AFTER      259849.52              1428.20
121509 E91  1101     -749.43 PAYEE = PAWTUCKET       -749.43  CHK# 00121693370
 91              BAL AFTER      260151.24               992.16
120809 E70  1101     -101.81 PAYEE = HUD             -101.81        .00       .00
                 BAL AFTER      260151.24              1741.59
111309 RP   1101    1875.92      300.40   1139.48    436.04        .00       .00
 800             BAL AFTER      260151.24              1843.40
110409 E70  1001     -101.81 PAYEE = HUD             -101.81        .00       .00
                 BAL AFTER      260451.64              1407.36
100709 E70  1001     -101.81 PAYEE = HUD             -101.81        .00       .00
                 BAL AFTER      260451.64              1509.17
093009 AA   1001        .00                  .00         .00        .00       .00
15367            BAL AFTER      260451.64              1610.98
092409 E91  1001     -749.43 PAYEE = PAWTUCKET       -749.43  CHK# 00121650123
 91              BAL AFTER      260451.64              1610.98
092409 E01  1001     -334.23        .00       .00    -334.23        .00       .00
10801            BAL AFTER      260451.64              2360.41
092309 SR   1001       -4.32        .00       .00         .00        .00       .00
   UNAPPL        -4.32
15016            BAL AFTER      260451.64              2694.64
092209 PA   1001        .00      299.10   1140.78    436.04        .00       .00
   UNAPPL     -1875.92
17902            BAL AFTER      260451.64              2694.64     UNAP    04.32
092209 AA8  0901 MAT DATE FROM 13604 TO 13909
 968             BAL AFTER      260750.74              2258.60     UNAP  1880.24
092209 AA4  0901 ESC-FROM       441.03 TO
                                436.04
 968             BAL AFTER      260750.74              2258.60     UNAP  1880.24
092209 AA1  0901 PI-FROM      1558.36 TO         1439.88
```

```
968                 BAL AFTER      260750.74              2258.60      UNAP    1880.24
092209 AA2   0901 INT FROM   6.00000 TO    5.25000
968                 BAL AFTER      260750.74              2258.60      UNAP    1880.24
092209 SR    0901          .00    -10700.07    7501.50   3198.57       .00        .00
968                 BAL AFTER      260750.74              2258.60      UNAP    1880.24
092209 UI                                      -7501.50  -3198.57      .00        .00
968 LC DT    0901 BAL AFTER      250050.67              -939.97        UNAP    1880.24
092209 FER   0901          .00    44-REINSTMNT TO EXPENSE    MISC-MISCELLANEOUS
     UNAPPL          60.00
968                 BAL AFTER      250050.67              -939.97       UNAP    1880.24
092209 FEP   0901          .00    46-BIE-BATCH INSP EXP      MISC-MISCELLANEOUS
     UNAPPL         -60.00
968                 BAL AFTER      250050.67              -939.97       UNAP    1820.24
092209 FEP   0901          .00    44-REINSTMNT TO EXPENSE    MISC-MISCELLANEOUS
     UNAPPL         -77.00
968                 BAL AFTER      250050.67              -939.97       UNAP    1880.24
092209 SR    0901          .00          .00          .00        .00   311.65       .00
     UNAPPL        -311.65
968                 BAL AFTER      250050.67              -939.97       UNAP    1957.24
092209 UI                                        .00          .00     311.65       .00
968 LC DT    0901 BAL AFTER      250050.67              -939.97        UNAP    2268.89
092209 AA    0901 LATE CHARGE ADJUSTMENT - INCREASED               -311.65
968                 BAL AFTER      250050.67              -939.97       UNAP    2268.89
092209 UI                                        .00          .00    -311.65       .00
968 LC DT    0901 BAL AFTER      250050.67              -939.97        UNAP    2268.89
092209 AA5   0901 LST PYT FROM 1090312 TO 1090901
968                 BAL AFTER      250050.67              -939.97       UNAP    2268.89
092209 AA3   0901 PDT FROM 1090301 TO 1090901
968                 BAL AFTER      250050.67              -939.97       UNAP    2268.89
092209 PT    0301    1328.92          .00          .00   -939.97       .00        .00
     UNAPPL        2268.89
2955 LC DT   0301 BAL AFTER      250050.67              -939.97        UNAP    2268.89
092209 ITR   0301 OLD  8020 271 NEW    543   45    PBAL  250050.67  EBAL          .
                  PERCENT  100.0000
2955                BAL AFTER      250050.67               00.00       UNAP     00.00
092209 RT    0301   -1328.92          .00          .00    939.97       .00        .00
     UNAPPL       -2268.89
2955                BAL AFTER      250050.67               00.00
091609 SR    0301    2268.89          .00          .00        .00       .00        .00
     UNAPPL        2268.89
27354               BAL AFTER      250050.67              -939.97       UNAP    2268.89
090309 E70   0301    -101.81 PAYEE = HUD                  -101.81      .00        .00
                    BAL AFTER      250050.67              -939.97
082509 FEI   0301      -15.00    46-BIE-BATCH INSP EXP      INVO-INSPECTION-VERIFY
98                  BAL AFTER      250050.67              -838.16
080509 E70   0301    -101.81 PAYEE = HUD                  -101.81      .00        .00
                    BAL AFTER      250050.67              -838.16
072309 FEI   0301      -15.00    46-BIE-BATCH INSP EXP      INVO-INSPECTION-VERIFY
98                  BAL AFTER      250050.67              -736.35
070709 E70   0301    -101.81 PAYEE = HUD                  -101.81      .00        .00
                    BAL AFTER      250050.67              -736.35
070109 E91   0301    -749.43 PAYEE = PAWTUCKET            -749.43   CHK# 00121603917
91                  BAL AFTER      250050.67              -634.54
062609 FEI   0301      -15.00    46-BIE-BATCH INSP EXP      INNC-INSPECTION NO CON
98                  BAL AFTER      250050.67               114.89
060409 E70   0301    -101.81 PAYEE = HUD                  -101.81      .00        .00
                    BAL AFTER      250050.67               114.89
051809 FEI   0301      -15.00    46-BIE-BATCH INSP EXP      INNC-INSPECTION NO CON
98                  BAL AFTER      250050.67               216.70
050609 E70   0301    -101.81 PAYEE = HUD                  -101.81      .00        .00
```

```
                    BAL AFTER      250050.67              216.70
040809 E70  0301        -103.33 PAYEE = HUD        -103.33      .00        .00
                    BAL AFTER      250050.67              318.51
032209 E91  0301        -783.36 PAYEE = PAWTUCKET  -783.36 CHK# 00121563191
   91               BAL AFTER      250050.67              421.84
031209 RP   0301       1999.39       306.57  1251.79  441.03    .00        .00
  800               BAL AFTER      250050.67             1205.20
030509 E70  0201        -103.33 PAYEE = HUD        -103.33      .00        .00
                    BAL AFTER      250357.24              764.17
022409 E20  0201      -1013.00 PAYEE = HARLEYSVIL -1013.00      .00        .00
                    BAL AFTER      250357.24              867.50
021109 RP   0201       1999.39       305.05  1253.31  441.03    .00        .00
  800               BAL AFTER      250357.24             1880.50
020509 E70  0101        -103.33 PAYEE = HUD        -103.33      .00        .00
                    BAL AFTER      250662.29             1439.47
011609 FEP  0101         15.00 718-SPEEDPAY FEE
  301               BAL AFTER      250662.29             1542.80
011609 FEA  0101        -15.00 718-SPEEDPAY FEE
  301               BAL AFTER      250662.29             1542.80
011609 RP   0101       1999.39       303.53  1254.83  441.03    .00        .00
  301               BAL AFTER      250662.29             1542.80
010709 E70  1201        -103.33 PAYEE = HUD        -103.33      .00        .00
                    BAL AFTER      250965.82             1101.77
123108 YTD  1201          .00         .00 15173.60  3099.93    .00        .00
                    BAL AFTER      250965.82             1205.10               00.00
121808 FEP  1201         15.00 718-SPEEDPAY FEE
  301               BAL AFTER      250965.82             1205.10
121808 FEA  1201        -15.00 718-SPEEDPAY FEE
  301               BAL AFTER      250965.82             1205.10
121808 RP   1201       1999.39       302.02  1256.34  441.03    .00        .00
  301 LC DT 1216 BAL AFTER      250965.82             1205.10
121408 E91  1101        -783.36 PAYEE = PAWTUCKET  -783.36 CHK# 00121527393
   91               BAL AFTER      251267.84              764.07
120408 E70  1101        -103.33 PAYEE = HUD        -103.33      .00        .00
                    BAL AFTER      251267.84             1547.43
111008 RP   1101       2090.20       300.52  1257.84  531.84    .00        .00
  800               BAL AFTER      251267.84             1650.76
110608 E70  1001        -103.33 PAYEE = HUD        -103.33      .00        .00
                    BAL AFTER      251568.36             1118.92
101708 FEP  1001         15.00 718-SPEEDPAY FEE
  301               BAL AFTER      251568.36             1222.25
101708 FEA  1001        -15.00 718-SPEEDPAY FEE
  301               BAL AFTER      251568.36             1222.25
101708 RP   1001       2090.20       299.02  1259.34  531.84    .00        .00
  301 LC DT 1016 BAL AFTER      251568.36             1222.25
100808 E70  0901        -103.33 PAYEE = HUD        -103.33      .00        .00
                    BAL AFTER      251867.38              690.41
092408 E91  0901        -783.36 PAYEE = PAWTUCKET  -783.36 CHK# 00120073091
   91               BAL AFTER      251867.38              793.74
091208 RP   0901       2090.20       297.54  1260.82  531.84    .00        .00
  800               BAL AFTER      251867.38             1577.10
090408 E70  0801        -103.33 PAYEE = HUD        -103.33      .00        .00
                    BAL AFTER      252164.92             1045.26
081408 RP   0801       2090.20       296.06  1262.30  531.84    .00        .00
  800 LC DT 0813 BAL AFTER      252164.92             1148.59
080608 E70  0701        -103.33 PAYEE = HUD        -103.33      .00        .00
                    BAL AFTER      252460.98              616.75
071608 FEP  0701         15.00 718-SPEEDPAY FEE
  301               BAL AFTER      252460.98              720.08
071608 FEA  0701        -15.00 718-SPEEDPAY FEE
```

```
 301               BAL AFTER      252460.98           720.08
071608 RP    0701     2090.20      294.58    1263.78    531.84      .00      .00
 301               BAL AFTER      252460.98           720.08
070808 E70   0601     -103.33 PAYEE = HUD             -103.33      .00      .00
                   BAL AFTER      252755.56           188.24
070708 E91   0601     -783.36 PAYEE = PAWTUCKET       -783.36  CHK# 00120044220
  91               BAL AFTER      252755.56           291.57
061608 FEP   0601       15.00 718-SPEEDPAY FEE
 301               BAL AFTER      252755.56          1074.93
061608 FEA   0601      -15.00 718-SPEEDPAY FEE
 301               BAL AFTER      252755.56          1074.93
061608 RP    0601     2090.20      293.12    1265.24    531.84      .00      .00
 301               BAL AFTER      252755.56          1074.93
060508 E70   0501     -101.90 PAYEE = HUD             -101.90      .00      .00
                   BAL AFTER      253048.68           543.09
051608 FEP   0501       15.00 718-SPEEDPAY FEE
 301               BAL AFTER      253048.68           644.99
051608 FEA   0501      -15.00 718-SPEEDPAY FEE
 301               BAL AFTER      253048.68           644.99
051608 RP    0501     2090.20      291.66    1266.70    531.84      .00      .00
 301               BAL AFTER      253048.68           644.99
050708 E70   0401     -104.76 PAYEE = HUD             -104.76      .00      .00
                   BAL AFTER      253340.34           113.15
041608 FEP   0401       15.00 718-SPEEDPAY FEE
 301               BAL AFTER      253340.34           217.91
041608 FEA   0401      -15.00 718-SPEEDPAY FEE
 301               BAL AFTER      253340.34           217.91
041608 RP    0401     2090.20      290.21    1268.15    531.84      .00      .00
 301               BAL AFTER      253340.34           217.91
040808 E70   0301     -104.76 PAYEE = HUD             -104.76      .00      .00
                   BAL AFTER      253630.55          -313.93
032408 E91   0301     -749.85 PAYEE = PAWTUCKET       -749.85  CHK# 00120020893
  91               BAL AFTER      253630.55          -209.17
031708 FEP   0301       15.00 718-SPEEDPAY FEE
 301               BAL AFTER      253630.55           540.68
031708 FEA   0301      -15.00 718-SPEEDPAY FEE
 301               BAL AFTER      253630.55           540.68
031708 RP    0301     2090.20      288.76    1269.60    531.84      .00      .00
 301 LC DT 0315 BAL AFTER      253630.55           540.68
030608 E70   0201     -104.76 PAYEE = HUD             -104.76      .00      .00
                   BAL AFTER      253919.31            08.84
022608 E20   0201     -832.00 PAYEE = HARLEYSVIL      -832.00      .00      .00
                   BAL AFTER      253919.31           113.60
021608 FEP   0201       15.00 718-SPEEDPAY FEE
 301               BAL AFTER      253919.31           945.60
021608 FEA   0201      -15.00 718-SPEEDPAY FEE
 301               BAL AFTER      253919.31           945.60
021608 RP    0201     2090.20      287.33    1271.03    531.84      .00      .00
 301               BAL AFTER      253919.31           945.60
020608 E70   0101     -104.76 PAYEE = HUD             -104.76      .00      .00
                   BAL AFTER      254206.64           413.76
011608 FEP   0101       15.00 718-SPEEDPAY FEE
 301               BAL AFTER      254206.64           518.52
011608 FEA   0101      -15.00 718-SPEEDPAY FEE
 301               BAL AFTER      254206.64           518.52
011608 RP    0101     2090.20      285.90    1272.46    531.84      .00      .00
 301               BAL AFTER      254206.64           518.52
010808 E70   1201     -104.76 PAYEE = HUD             -104.76      .00      .00
                   BAL AFTER      254492.54           -13.32
123107 YTD   1201         .00         .00   15440.83   2960.84      .00      .00
```

```
                      BAL AFTER      254492.54              91.44              00.00
122107 E91  1201      -749.85 PAYEE = PAWTUCKET          -749.85  CHK# 00683902340
    91            BAL AFTER      254492.54              91.44
121707 FEP  1201        15.00 718-SPEEDPAY FEE
   301            BAL AFTER      254492.54             841.29
121707 FEA  1201       -15.00 718-SPEEDPAY FEE
   301            BAL AFTER      254492.54             841.29
121707 RP   1201      2090.20      284.47   1273.89    531.84        .00        .00
   301 LC DT 1216 BAL AFTER      254492.54             841.29
120607 E70  1101      -104.76 PAYEE = HUD             -104.76        .00        .00
                  BAL AFTER      254777.01             309.45
111607 RP   1101      1988.85      283.06   1275.30    430.49        .00        .00
   800            BAL AFTER      254777.01             414.21
110707 E70  1001      -104.76 PAYEE = HUD             -104.76        .00        .00
                  BAL AFTER      255060.07             -16.28
101307 RP   1001      1988.85      281.65   1276.71    430.49        .00        .00
   800 LC DT 1012 BAL AFTER      255060.07              88.48
100407 E70  0901      -104.76 PAYEE = HUD             -104.76        .00        .00
                  BAL AFTER      255341.72            -342.01
092407 E91  0901      -749.85 PAYEE = PAWTUCKET          -749.85  CHK# 00683873170
    91            BAL AFTER      255341.72            -237.25
091707 FEP  0901        15.00 718-SPEEDPAY FEE
   301            BAL AFTER      255341.72             512.60
091707 FEA  0901       -15.00 718-SPEEDPAY FEE
   301            BAL AFTER      255341.72             512.60
091707 RP   0901      1988.85      280.25   1278.11    430.49        .00        .00
   301 LC DT 0916 BAL AFTER      255341.72             512.60
090607 E70  0801      -104.76 PAYEE = HUD             -104.76        .00        .00
                  BAL AFTER      255621.97              82.11
081607 FEP  0801        15.00 718-SPEEDPAY FEE
   301            BAL AFTER      255621.97             186.87
081607 FEA  0801       -15.00 718-SPEEDPAY FEE
   301            BAL AFTER      255621.97             186.87
081607 RP   0801      1988.85      278.86   1279.50    430.49        .00        .00
   301 LC DT 0815 BAL AFTER      255621.97             186.87
080707 E70  0701      -104.76 PAYEE = HUD             -104.76        .00        .00
                  BAL AFTER      255900.83            -243.62
071307 RP   0701      1988.85      277.47   1280.89    430.49        .00        .00
   800            BAL AFTER      255900.83            -138.86
070607 E70  0601      -104.76 PAYEE = HUD             -104.76        .00        .00
                  BAL AFTER      256178.30            -569.35
062207 E91  0601      -749.85 PAYEE = PAWTUCKET          -749.85  CHK# 00683851656
    91            BAL AFTER      256178.30            -464.59
061507 FEP  0601        12.50 718-SPEEDPAY FEE
   301            BAL AFTER      256178.30             285.26
061507 FEA  0601       -12.50 718-SPEEDPAY FEE
   301            BAL AFTER      256178.30             285.26
061507 RP   0601      1988.85      276.09   1282.27    430.49        .00        .00
   301 LC DT 0614 BAL AFTER      256178.30             285.26
060607 E70  0501      -104.76 PAYEE = HUD             -104.76        .00        .00
                  BAL AFTER      256454.39            -145.23
053007 FEP  0501        12.50 718-SPEEDPAY FEE
   301            BAL AFTER      256454.39             -40.47
053007 FEA  0501       -12.50 718-SPEEDPAY FEE
   301            BAL AFTER      256454.39             -40.47
053007 SR   0501        62.33        .00        .00       .00      62.33        .00
   301            BAL AFTER      256454.39             -40.47
053007 UI                                    .00        .00      62.33        .00
   301 LC DT 0529 BAL AFTER      256454.39             -40.47
053007 RP   0501      1988.85      274.71   1283.65    430.49        .00        .00
```

```
   301 LC DT 0529 BAL AFTER     256454.39              -40.47
053007 UI                                   .00           .00    -62.33        .00
   301 LC DT 0529 BAL AFTER     256729.10             -470.96
051607 E20  0401     -779.00 PAYEE = HARLEYSVIL       -779.00       .00         .00
                BAL AFTER     256729.10             -470.96
050807 E70  0401     -104.76 PAYEE = HUD             -104.76       .00         .00
                BAL AFTER     256729.10              308.04
```

END OF HISTORY